UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE VOLKSBANK N.V. fka SNS REGIO BANK N.V., | No. 2:19-cv-0043 MCE DB PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| NICHOLAS GEORGE BECK, an individual, and ANGELIQUE VERSCHUUR, an individual, | |
| Defendants. | |

Defendants Nicholas George Beck and Angelique Verschuur are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are plaintiff's amended motion for default judgment and defendants' motion to set aside the entry of default. (ECF Nos. 15 & 22.) For the reasons stated below, the undersigned recommends that plaintiff's motion for default judgment be denied and defendants' motion to set aside entry of default be granted.

**FACTUAL BACKGROUND**

On January 4, 2019, counsel for plaintiff De Volksbank N.V. fka SNS Regio Bank N.V. ("Volksbank") filed a complaint and paid the required filing fee. (ECF No. 1.) The complaint alleges that on November 8, 2007, the parties entered into a mortgage loan agreement in the

1

Netherlands secured by real property located in the Netherlands.[1] (Compl. (ECF No. 1) at 2.[2])  In July of 2017 defendants allegedly breached the loan agreement by failing to make payments, maintain or allowing an unlawful commercial marijuana farm on the property, and by violating local zoning laws.  (Id.)  Plaintiff successfully foreclosed on the property, but defendants remain indebted to plaintiff in the amount of €172,137.42.  (Id. at 3.)  The complaint alleges a single claim for breach of contract.  (Id.)

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT

Defendants' motion to set aside is brought pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  "Rule 55(c) provides that a court may set aside a default for 'good cause shown.'"  Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)).  The good cause standard under Rule 55(c) is the same standard applied to motions seeking to vacate default judgment brought pursuant to Rule 60(b).  Id. at 925-26. "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party."  U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, 375 F.3d at 925-26).

### A.   Defendants' Conduct

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the

////

---

[1] The complaint asserts that the court has diversity jurisdiction over this action and that venue is appropriate because the defendants reside in this district.  (Compl. (ECF No. 1) at 2.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional[.]'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).

Here, defendants' conduct was not intentional. Indeed, it is not clear that the defendant Nicholas George Beck actually failed to answer. In this regard, defendant Beck's default was entered on June 7, 2019. (ECF No. 10.) However, prior to that on March 21, 2019, defendant Beck filed a document that stated the Beck's "wife was served early in February 2019," while Beck was in "NY working on a boat" without reliable phone service. (ECF No. 7 at 1.) The papers were mailed to Beck but were not received. (Id.) Beck stated that phone records would confirm that Beck's wife called plaintiff's attorneys "several times and left messages" explaining that the papers were lost. (Id.)

The letter also stated that Beck was "look[ing] forward" to a jury trial to "be able to tell our side of the story and have the bank pay us what we lost due to their greed, manipulation and false statements." (Id.) Moreover, defendant Beck stated, "[w]hen I am served I will appear in court to defend us against this nonsense[.]" (Id.)

Documents drafted by parties proceeding pro se are held "to less stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994) ("Because Burgos is a pro se litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."); Wilson v. Moore & Associates, Inc., 564 F.2d 366, 369 (9th Cir. 1977) (a defendant's "appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

Here, defendant's Beck's March 21, 2019 filing can be read as an answer to the complaint's allegations, a statement of an intention to defend, and a request for a jury trial. See Adobe Systems Incorporated v. Acheampong, Case No. 17-cv-2749 CW (RMI), 2018 WL 6613832, at *5 (N.D. Cal. Nov. 15, 2018) (letter alleging "charges are frivolous, and bogus. There is absolutely no merit" was "at the very least, an answer to the Original Complaint.");

Sanchez v. Hacienda Records and Recording Studio, Inc., Civil Action No. H-11-3855, 2013 WL 3457072, at *2 (S.D. Tex. July 9, 2013) ("Quiroz's statement that he is not liable for any of the damages alleged by Sanchez is in the nature of a general denial.").

Moreover, defendants' actions in these proceedings appear to have been credible, in good faith, and without any intention to take advantage of plaintiff or manipulate the legal process. In this regard, on May 25, 2019, defendant Beck signed a waiver of service, just as he said he would in the March 21, 2019 letter. (ECF No. 8.) On June 5, 2019, plaintiff filed a request for entry of default as to defendant Beck. (ECF No. 9.) Because defendant Beck's March 21, 2019 filing was not interpreted as an answer, the Clerk entered defendant Beck's default on June 7, 2019. (ECF No. 10.)

Defendant Beck, however, filed an opposition on July 25, 2019. (ECF No. 11.) Therein, defendant Beck expressed confusion to the procedural process at issue—something that is common among pro se litigants—stating that he "waived the necessity to serve me," and that he "did receive 'a summons'" but not a "date or time or place to appear." (Id. at 1.) Defendant Beck reiterated that he wanted "to get on with this business and have my day in court in order to defend myself against these charges." (Id.) Defendant Beck again stated that he had attempted to contact plaintiff's counsel but had "not have any response from them other than the default judgment notice." (Id.) Defendant Beck affirmed that he would "be present for any trial" and a belief that if "given the chance to present [his] side of the story to a jury" defendant Beck would "be successful." (Id.)

On March 10, 2020, plaintiff filed an amended motion for default judgment. (ECF No. 15.) Defendant Beck and defendant Verschuur appeared at the June 5, 2020 hearing of that motion. (ECF No. 19.) Both defendants stated that they wished to defend this action and had made many attempts to speak with plaintiff's counsel.[3] The undersigned continued the hearing 30 days to allow the parties to meet and confer. (ECF No. 20.)

////

---

[3] Plaintiff's counsel confirmed that the defendants had left messages on the law firm's general voicemail.

On June 8, 2020, the parties meet and conferred via video conference. (ECF No. 21 at 1.) At that conference, plaintiff informed the defendants that, despite their appearance plaintiff was not willing to agree to set aside defendants' defaults. (Id.) On July 1, 2020, defendants filed their motion to set aside the entry of default. (ECF No. 22.)

As defendants explain in their reply, it appears that their mistakes "were . . . only due to not understanding legal procedure[.]" (Defs.' Reply (ECF No. 25) at 2.) Moreover, defendants apparently "called the plaintiff's legal firm [but] never got a live person on the phone and were only allowed to leave a recorded message, which [they] did on several occasions." (Id. at 3.)

In short, from the outset of these proceedings the defendants have been responsive, engaged, denied plaintiff's allegations, and stated an intention to defend this action. Under these circumstances, the undersigned finds that defendants' actions have been credible, in good faith, and without any intention to take advantage of plaintiff or manipulate the legal process.

### B.     Meritorious Defense

"[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting TCI, 244 F.3d at 700); see also In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) ("the purpose of the requirement is to show the trial court that a sufficient defense is assertible"). "[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094 (quoting TCI, 244 F.3d at 700).

Here, defendants have denied the complaint's allegations. Rule 8 of the Federal Rules of Civil Procedures allow that a "party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial." Fed. R. Civ. P. 8(b)(3); see also Sanchez, 2013 WL 3457072, at *2 ("Quiroz's statement that he is not liable for any of the damages alleged by Sanchez is in the nature of a general denial.").

////

Moreover, defendants contend that there are "verbal statements" made to defendants at the time of the purchase that relevant. (Defs.' Mot. Set Aside (ECF No. 22) at 12.) That the claim that the property had illegal buildings "is absolutely false." (Id.) And that it is "simply impossible" that the defendants had "an illegal business" on the property. (Id.) In reply, defendants assert that they had no knowledge any illegal activities on the property and that "the illegal buildings on the property . . . were built without a permit 50 years ago" and had been "grandfathers for decades" when defendants bought the property. (Id.) If proven true, these allegations would refute the complaint's allegations that the defendants maintained or allowed an unlawful commercial marijuana farm on the property and maintained or allowed to be maintained structures that violated local zoning laws. (Compl. (ECF No. 1) at 3.)

Under these circumstances, and in light of defendants' pro se status, the undersigned finds that defendants have satisfied the burden of presenting a meritorious defense.

### C. Prejudice

Plaintiff argues that "setting aside the Entries of Default against Defendants would prejudice Plaintiff by causing further delays in obtaining an inevitable judgment against Defendants." (Pl.'s Opp.'n (ECF No. 24) at 6.) However, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (quoting Falk 739 F.2d at 463). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996).

Plaintiff also asserts that denying defendants' motion "would actually minimize prejudice to all parties" because it would avoid "months and months of Plaintiff litigating with *pro per* Defendants, who, by virtue of their demonstrated inexperience in complying with the F.R.C.P. . . . will almost certainly require Plaintiff to incur a greater amount of attorneys' fees and costs than if Defendants were represented by experienced counsel." (Pl.'s Opp.'n (ECF No. 24) at 7) (emphasis in original).

////

"The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654.  Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  What plaintiff proposes—denying defendants' motion based, at least in part, on their pro se status—amounts to the penalization of parties who elect to exercise their right to proceed pro se.[4]

Accordingly, the undersigned finds that plaintiff would not be prejudiced by granting defendants' motion.

### D. Extreme Circumstances

Not only have defendants met their burden of showing that the entry of default should be set aside, the undersigned notes that "due to the strong federal policy in favor of deciding cases on the merits whenever possible, 'judgment by default is a drastic step appropriate only in extreme circumstances[.]'" Francois & Co., LLC v. Nadeau, 334 F.R.D. 588, 596 (C.D. Cal. 2020) (quoting Mesle, 615 F.3d at 1091).  "Our rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle 615 F.3d at 1089.  "'The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.'" Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (quoting Lee v. Bhd. of Maintenance of Way Employees—Burlington N. Sys. Fed'n., 139 F.R.D. 376, 381 (D. Minn. 1991)).

Here, the undersigned finds an absence of extreme circumstances justifying default.  For the reasons stated above, the undersigned will recommend that defendants' motion to set aside entry of default judgment be granted. See AF Holdings LLC v. Buck, No. 2:12-cv-1068 LKK KJN, 2013 WL 79949, at *7 (E.D. Cal. Jan. 4, 2013) ("In addition to the three factors discussed above, the undersigned gives great weight to the established policies favoring resolution of claims on the merits and disfavoring default judgments, especially when a pro se party is the subject of

---

[4] Moreover, in the undersigned's experience, having all parties represented by counsel is no guarantee that excessive fees and costs will not be incurred.

7

the default."); <u>Yagman v. Galipo</u>, No. CV 12-7908 GW (SHx), 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) ("the Ninth Circuit has consistently emphasized that courts have 'especially broad' discretion in setting aside defaults"); <u>PNC Bank, N.A. v. Smith</u>, No. CIV S-10-1916 JAM EFB, 2011 WL 6696947, at *4 (E.D. Cal. Dec. 21, 2011) ("although it is unclear whether defendants' denials of plaintiff's claims would be meritorious, there is at least a bona fide chance that defendants could prevail").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 1, 2020 motion to set aside entry of default (ECF No. 22) be granted;

2. The entries of defendants' defaults be set aside;

3. Defendants be ordered to file a formal answer to the complaint within 28 days of any order adopting these findings and recommendations; and

4. Plaintiff's March 10, 2020 amended motion for default judgment (ECF No. 15) be denied without prejudice to renewal.[5]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 27, 2021

DLB:6
DB\orders\orders.pro se\volksbank0043.set.aside.f&rs

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[5] In the event these findings and recommendations are adopted by the assigned District Judge and defendants failed to file a timely answer, or defend this action, plaintiff could seek entry of defendants' default and again seek default judgment.