1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DE VOLKSBANK N.V. fka SNS REGIO          No.  2:19-cv-0043 MCE DB PS
     BANK N.V.,
12

13              Plaintiff,                    FINDINGS AND RECOMMENDATIONS

14        v.

15   NICHOLAS GEORGE BECK, an
     individual, and ANGELIQUE
16   VERSCHUUR, an individual,

17              Defendants.

18

19          Defendants Nicholas George Beck and Angelique Verschuur are proceeding in this action

20   pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and

21   28 U.S.C. § 636(b)(1).  Pending before the undersigned are plaintiff's motions to dismiss

22   defendants' counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and

23   for an order requiring defendants to file an amended answer.  (ECF Nos. 37 & 38.)  For the

24   reasons stated below, the undersigned recommends that plaintiff's motion to dismiss be granted,

25   defendants be granted leave to amend, and plaintiff's motion for an order requiring defendants to

26   file an amended answer be denied.

27   ////

28   ////

                                            1

**FACTUAL BACKGROUND**

On January 4, 2019, counsel for plaintiff De Volksbank N.V. fka SNS Regio Bank N.V. ("Volksbank") filed a complaint and paid the required filing fee.  (ECF No. 1.)  The complaint alleges that on November 8, 2007, the parties entered into a mortgage loan agreement in the Netherlands secured by real property located in the Netherlands.[1]  (Compl. (ECF No. 1) at 2.[2])  In July of 2017, defendants allegedly breached the loan agreement by failing to make payments, maintain or allowing an unlawful commercial marijuana farm on the property, and by violating local zoning laws.  (Id.)  Plaintiff successfully foreclosed on the property, but defendants remain indebted to plaintiff in the amount of €172,137.42.  (Id. at 3.)  The complaint alleges a single claim for breach of contract.  (Id.)

Defendants initially failed to respond to plaintiff's complaint and the Clerk entered their defaults.  (ECF Nos. 9 & 10.)  Defendants, however, later appeared and successfully moved to set aside the entries of default.  (ECF No. 31.)  On June 9, 2021, defendants filed an answer and counterclaim.  (ECF No. 35.)

On July 1, 2021, plaintiff filed a motion to dismiss defendants' counterclaim and a motion for order requiring defendants to file an amended answer.  (ECF Nos. 37 & 38.)  Defendants filed an opposition on August 30, 2021.  (ECF No. 43.)  Plaintiff filed a reply on September 3, 2021.  (ECF No. 44.)  Thereafter, plaintiff's motions were taken under submission.  (ECF No. 47.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a complaint."  Swingless Golf Club Corp. v. Taylor, 679 F.Supp.2d 1060, 1066 (N.D. Cal. 2009).  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l

---

[1] The complaint asserts that the court has diversity jurisdiction over this action and that venue is appropriate because the defendants reside in this district.  (Compl. (ECF No. 1) at 2.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack

2  of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

3  theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is

4  required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl.

5  Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

6  pleads factual content that allows the court to draw the reasonable inference that the defendant is

7  liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

8          In determining whether a complaint states a claim on which relief may be granted, the

9  court accepts as true the allegations in the complaint and construes the allegations in the light

10  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

11  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

12  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

13  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

14  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

15  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

16  an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

17  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

18  elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

19  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

21  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

22  not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

23  459 U.S. 519, 526 (1983).

24          In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

25  to consider material which is properly submitted as part of the complaint, documents that are not

26  physically attached to the complaint if their authenticity is not contested and the plaintiff's

27  complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

28  250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.      Plaintiff's Motion to Dismiss**

Plaintiff's motion asserts that defendants' counterclaim "fails to state any cognizable legal theory[.]"  (Pl.'s MTD (ECF No. 37-1) at 4.)  The undersigned disagrees.  In this regard, defendants' counterclaim appears to allege a counterclaim for breach of an oral contract. Specifically, defendants allege that their "mortgage contract" had a "verbal component," for an exemption "about the prohibition against the ability to rent the property in the future."  (Defs.' Answer (ECF No. 35) at 12.)  Plaintiff's "actions" in not adhering to the terms of that verbal contract "resulted in [defendants'] loss" of  €254,000.  (Id. at 12-13.)

"[T]the elements for breach of oral contract are identical to those for breach of written contract: (1) a contract, (2) the [party's] performance or excuse for nonperformance, (3) the [other party's] breach, and (4) resulting damages."  Annunziato v. Guthrie, CV 20-11592 RSWL JPRx, 2021 WL 4816639, at *2 (C.D. Cal. May 20, 2021).  However, plaintiff's motion to dismiss also asserts that the defendants' counterclaim "lacks sufficient facts alleged," and the undersigned agrees.

It is true that "[a]n oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words."  Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 616 (1993).  Nonetheless, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  In re Nat'l Football League's Sunday Ticket Antitrust Litig., 933 F.3d 1136, 1149 (9th Cir. 2019) (internal quotation marks omitted and citation omitted).  "While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached."  Langan v. United Servs. Auto. Ass'n, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citation omitted).

Here, although it appears that the defendants are alleging that plaintiff breached an oral agreement pertaining to defendants' ability to use the property at issue as a rental, it is unclear how exactly plaintiff breached that obligation or how that breach caused defendants' damages. Accordingly, the undersigned finds that plaintiff's motion to dismiss should be granted.

4

1    **II.     Leave to Amend**

2          The undersigned has carefully considered whether defendants may amend their

3    counterclaim to state a claim upon which relief can be granted.  "Valid reasons for denying leave

4    to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

5    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

6    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

7    while leave to amend shall be freely given, the court does not have to allow futile amendments).

8          However, when evaluating the failure to state a claim, the claim of a pro se party may be

9    dismissed "only where 'it appears beyond doubt that the [party] can prove no set of facts in

10   support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

11   1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

12   Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

13   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

14   cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

15   1988)).

16         Here, it does not appear that leave to amend would be futile.  The undersigned, therefore,

17   will recommend that defendants' counterclaim be dismissed with leave to file an amended answer

18   and counterclaim.  Defendants are cautioned, however, that if defendants elect to file an amended

19   answer and counterclaim "the tenet that a court must accept as true all of the allegations contained

20   in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause

21   of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.

22   "While legal conclusions can provide the complaint's framework, they must be supported by

23   factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line

24   from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

25         Defendants are also reminded that the court cannot refer to a prior pleading in order to

26   make an amended pleading complete.  Local Rule 220 requires that any amended pleading be

27   complete in itself without reference to prior pleadings.  The amended answer will supersede the

28   original answer.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

1    **III.    Plaintiff's Motion for an Order Requiring Defendants to File an Amended Answer**

2             Pursuant to Rule 8 of the Federal Rules of Civil Procedure plaintiff moves for an order

3    requiring defendants to file an amended answer.  (Pl.'s Mot. Am. (ECF No. 38) at 1.)  In this

4    regard, plaintiff asserts that defendants' answer fails to comply with the requirements of Rule 8.

5    (Id. at 3.)  The undersigned disagrees.

6             "As directed by Rule 8, the answer should contain only two things: (1) a response

7    (admitting, denying, or claiming insufficient knowledge) to the averments in the complaint; and

8    (2) a statement of all affirmative defenses."  Software Publishers Ass'n v. Scott & Scott, LLP,

9    Civil Action No. 3:06-cv-0949 G, 2007 WL 2325585, at *2 n.4 (N.D. Tex. Aug.15, 2007) (citing

10   Fed. R. Civ. P. 8(b)-(c)).  "A party that intends in good faith to deny all the allegations of a

11   pleadings—including the jurisdictional grounds—may do so by a general denial."  Fed. R. Civ. P.

12   8(b)(3).  "A party that does not intend to deny all the allegations must either specifically deny

13   designated allegations or generally deny all except those specifically admitted."  Id.

14            As noted above, documents drafted by parties proceeding pro se are held "to less stringent

15   standards than formal pleadings drafted by lawyers[.]"  Haines, 404 U.S. at 520; Burgos v.

16   Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994) ("Because Burgos is a pro se litigant, we read his

17   supporting papers liberally, and will interpret them to raise the strongest arguments that they

18   suggest.").  Here, defendants' answer is quite thorough in comparison to answers typically filed

19   by pro se parties.  The answer quotes the complaint's main allegations asserted against

20   defendants—maintaining a marijuana farm, failing to make payments, violating zoning

21   ordinances—denies those allegations and elaborates.  (Defs.' Answer (ECF No. 35) at 8-13.)

22            While the answer may not meet the standards expected of a licensed attorney, courts have

23   found much less than what defendants have filed to constitute an answer.  See Johnston v. Jones,

24   178 F.2d 481, 483 (3rd Cir. 1950) ("Although the answer is not exemplary, we agree with the

25   learned District Judge that it sufficiently put in issue the specific charges of misconduct lodged

26   against the defendant, in that it denied the violation of his official duties and asserts proper

27   conduct under the particular circumstances."); Adobe Systems Incorporated v. Acheampong,

28   Case No. 17-cv-2749 CW (RMI), 2018 WL 6613832, at *5 (N.D. Cal. Nov. 15, 2018) (letter

1   alleging "charges are frivolous, and bogus.  There is absolutely no merit" was "at the very least,

2   an answer to the Original Complaint."); <u>Sanchez v. Hacienda Records and Recording Studio, Inc.</u>,

3   Civil Action No. H-11-3855, 2013 WL 3457072, at *2 (S.D. Tex. July 9, 2013) ("Quiroz's

4   statement that he is not liable for any of the damages alleged by Sanchez is in the nature of a

5   general denial."); <u>Vincent v. City of Sulphur</u>, Civil Action No. 2:13-cv-189, 2013 WL 1702143,

6   at *2-3 (W.D. La. Apr.17, 2013) (answer stating that "'Defendants deny that they are guilty of

7   any civil rights violations or any denial of constitutional rights under the United States

8   Constitution[ ]'" and "'Defendants . . . aver that there is no evidence whatsoever to suggest in any

9   way that any improper actions or inactions were taken by them'" were general denials that "speak

10  to plaintiff's ability to mount evidence in support of a prima facie case"); <u>Bravado Intern. Group</u>

11  <u>Merchandising Services, Inc. v. Ninna, Inc.</u>, 655 F.Supp.2d 177, 187 (E.D. N.Y. 2009) ("while

12  the document does not admit or deny every allegation in the Complaint, it clearly communicates

13  Mr. Michailow's intent to deny plaintiffs' claim that they have rights to the trademarks at issue,

14  which is a necessary element of plaintiffs' claims.").

15      Accordingly, for the reasons stated above, the undersigned finds that plaintiff's motion

16  should be denied.

17                                    **CONCLUSION**

18      Accordingly, IT IS HEREBY RECOMMENDED that:

19      1.  Plaintiff's July 1, 2021 motion to dismiss (ECF No. 37) be granted;

20      2.  Defendants be granted twenty-eight days to file an amended answer and counterclaim[3];

21      3.  Plaintiff's July 1, 2021 motion for an order requiring defendants to file an amended

22  answer (ECF No. 38) be denied.

23      These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  _____

28  [3] In the event defendants do not file a timely amended answer and counterclaim the court will
    construe that as an election to dismiss the counterclaim and proceed solely on the original answer.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\volksbank0043.mtd.f&rs

8